United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30053
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GRAY M. DOTSON, also known as Big Daddy,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CR-56
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Gray M. Dotson appeals from his conviction by guilty plea of

conspiring to possess with intent to distribute methamphetamine,

making a false statement to a firearms dealer, possessing with

intent to distribute methamphetamine, possessing a firearm in

furtherance of a drug-trafficking offense, and witness-tampering.

Dotson contends that the district court erred by denying his

motion to withdraw his guilty plea.

        The district court did not abuse its discretion by denying

Dotson's motion to withdraw his plea.  See United States v.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Grant, 117 F.3d 788, 789 (5th Cir. 1997).  The district court
held a lengthy hearing on Dotson's motion to withdraw and
correctly determined that the factors enumerated in United States
v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984), weighed against
Dotson.  Dotson's motion to withdraw relied primarily on his
assertion that he received ineffective assistance of trial
counsel.  The district court's implicit factual findings based on
the testimony of Dotson's two attorneys are not clearly
erroneous.  See United States v. Cuyler, 298 F.3d 387, 389 (5th
Cir. 2002).  On those implicit factual findings, Dotson has
failed to demonstrate that his attorneys' performance was
deficient or that his plea was involuntary because, but for
counsel's alleged errors, he would have pleaded not guilty and
proceeded to trial.  See Hill v. Lockhart, 474 U.S. 52, 59
(1985).

    AFFIRMED.